TEXTO COMPLETO DE LA SENTENCIA
La apelante, Sra. Angela Zareas, nos solicita la revocación de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan (el TPI) el 8 de julio de 2002 y notificada el 9 de julio de 2002. En la misma, el TPI declaró con lugar la demanda de divorcio por trato cruel presentada por la apelante luego de que su esposo, el Sr. Luis Félix Bared Espinosa, se allanara a dicha causal. En síntesis, la apelante cuestiona la actuación del TPI al haber consolidado la vista de divorcio con la de remedios provisionales, y por no haber acogido la causal de adulterio, también alegada, para decretar el divorcio.
Examinados detenidamente los documentos incluidos en el Apéndice, así como la comparecencia del apelado, resolvemos confirmar la aludida sentencia.
*878 I
La Sra. Angela Zareas y el Sr. Luis Félix Bared contrajeron matrimonio el 23 de diciembre de 1999 en el Condado de Clark, Nevada. Nunca procrearon hijos y llevaron en todo momento un estilo de vida millonario. Según las alegaciones de la demanda de divorcio, la apelante contaba con 24 años de edad a la fecha del matrimonio; nunca terminó sus estudios universitarios ni tiene historial de empleo permanente ni especializado.
El apelado es hijo del Sr. Luis Bared San Martín, un acaudalado hombre de negocios. Se desempeñó como presidente y administrador en dos de las empresas de su padre hasta noviembre de 2001. Para esa fecha, el apelado estaba enfrentando serios problemas personales y económicos, por lo que tuvo que trasladarse a la Florida para recibir tratamiento de rehabilitación por bulimia y adicción a drogas. El 2 de abril de 2002, fue despedido de su empleo. No obstante, su padre continuó apoyándolo económicamente para su tratamiento. Este también cubrió, con considerables sumas de dinero, los sobregiros y déficits incurridos por el matrimonio. Igualmente, ante la situación del apelado, se cancelaron tarjetas de crédito, se efectuó la venta del inmueble y hogar conyugal localizado en el Condado y la de los automóviles de la pareja. 
Las partes se separaron el 10 de abril de 2002 en la Florida. El 12 de abril de 2002, la apelante regresó a Puerto Rico para presentar la demanda, y encontró que el automóvil que utilizaba no estaba disponible. Por ello, denunció al padre del apelado por hurto del automóvil. Contra ella, a su vez, se presentaron denuncias por amenazas, daños al vehículo y por dar información falsa del hurto. Las partes finalmente acordaron desistir de las denuncias.
Así las cosas, el 25 de abril de 2002, la apelante presentó demanda de divorcio contra su esposo. Adujo ser objeto de trato cruel consistente en desamor, indiferencia, abuso verbal y relaciones extramaritales. Además, alegó tener conocimiento de que, al menos durante los seis meses previos a la presentación de la demanda, el demandado sostuvo relaciones extramaritales, recalcando que las mismas son “constitutivas del delito de adulterio”. Apéndice de la apelante, pág. 2, Exh. I.
En su demanda, la demandante también solicitó los siguientes remedios: un adelanto del caudal ganancial por la suma de dos millones de dólares ($2,000,000.00), la fijación de su residencia conyugal actual en el apartamento del Condado, la coadministración del caudal ganancial, y una pensión pendente lite ascendente a treinta mil dólares ($30,000.00) mensuales. Justificó la misma en el hecho de que dependía totalmente del demandado para sus necesidades y estilo de vida desde los diecisiete (17) años de edad. Requirió, además, igual cantidad como pensión alimentaria post-divorcio acorde con el Artículo 109 del Código Civil, 31 L.P.R.A. See. 385, costas y honorarios de abogado. Apéndice de la apelante, págs. 1-3, Exh. I.
Igualmente, la Sra. Zareas peticionó mediante moción ex parte y otras declaraciones juradas, el nombramiento de un síndico para todos los negocios del demandado y la congelación de las cuentas financieras que constaran a su nombre. Apéndice de la apelante, págs. 6-36, Exh. Ill al VIII.
El demandado fue emplazado el 8 de mayo de 2002 en la Florida. Contestó la demanda el 13 de mayo de 2002, negando toda alegación de adulterio, y, a su vez, reconvino por la causal de adulterio y trato cruel. Al día siguiente, el demandado cursó un pliego de interrogatorios a la parte demandante.
El 14 de mayo de 2002, el TPI emitió una orden, notificada el 17 de mayo de 2002, señalando la vista sobre medidas provisionales y la discusión de la petición de alimentos pendente lite, para el 20 de junio de 2002. Por orden separada con iguales fechas de dictada y notificada que la anterior, el TPI concedió a las partes un término de treinta (30) días para el descubrimiento de prueba sobre los hechos de la causal del divorcio. Añadió, que "... NO SE PERMITIRA PRUEBA SOBRE BIENES GANANCIALES, YA QUE NO SE LIQUIDARA LA SOCIEDAD DE BIENES GANANCIALES EN ESTE PROCESO A MENOS QUE ESTIPULEN UN CAMBIO *879 DE CA USAL A CONSENTIMIENTO MUTUO. SE SEÑALA VISTA EN LOS MERITOS PARA EL 10 DE JULIO DE 2002 A LAS 10:30 A.M.” Apéndice de la apelante, pág. 79, Exh. XX. ¡
La apelante continuó con el descubrimiento de prueba y el 28 de mayo de 2002 cursó al apelado un “Aviso de Toma de Deposición y Solicitud de Producción de Documentos y Cosas” señalando la deposición para el 10 ¡ de junio de 2002. Apéndice de la apelante, pág. 86, Exh. XXVI. ¡
Dicho mismo día, el apelado presentó una moción solicitando la consolidación de las vistas sobre el divorcio y los remedios provisionales. Adujo, entre otros fundamentos, que por no existir menores ni asuntos relativos a custodia, patria potestad, relaciones patemo-filiales o pensión de menores, procedía dicha consolidación. La apelante se opuso el 3 de junio de 2002 y solicitó realizar descubrimiento de prueba en tomo a la sociedad de bienes gananciales a los efectos de los remedios provisionales solicitados. Basó su postura en la sentencia emitida el 31 de marzo de 1998 por el Tribunal Supremo en el caso titulado Nogues v. Blanco, número CC-97-287.
Por orden de 3 de junio de 2002, notificada el 5 de junio de 2002, el TPI ordenó la transferencia de la vista en sus méritos para el 20 de agosto de 2002. En una segunda orden emitida y notificada también en las anteriores fechas, el TPI resolvió la solicitud de consolidación, expresando textualmente que: “EL TRIBUNAL NO TIENE REPAROS [a la consolidación] SI PARA ESA FECHA HAN CUMPLIDO AMBAS PARTES CON EL DESCUBRIMIENTO DE PRUEBA ”. Apéndice de la apelante, pág. 139, Exh. XXXI.
Días más tarde, el 7 de junio de 2002, el TPI emitió otra orden sobre las medidas provisionales para proteger los bienes de la comunidad, la que fue notificada el 11 de junio de 2002. En la misma, prohibió a los cónyuges enajenar, transferir o gravar bienes pertenecientes a la comunidad de bienes hasta que finalizara el pleito y ordenó la congelación de cuentas bancarias hasta la mitad de los fondos disponibles al 25 de abril de 2002.
El 20 de junio de 2002, el TPI celebró la vista en los méritos sobre el divorcio y los remedios provisionales, la cual se extendió durante los días 21 de junio y 2 y 3 de julio de 2002. Durante la misma la apelante desfiló prueba testifical y documental sobre el estilo de vida del matrimonio, utilizando el testimonio de ambos cónyuges. Luego, el apelado aportó prueba documental sobre sus bienes y cuentas bancarias, así como el testimonio de su padre, el Sr. Luis Bared San Martín, como testigo de refutación. La representación legal del apelado anunció, respecto al divorcio, que desistía de su reconvención y que se allanaba a la causal de trato cruel.
Así las cosas, el TPI dictó sentencia el 8 de julio de 2002, notificada al día siguiente, decretando roto y disuelto el vínculo matrimonial existente entre las partes por la causal de trato cruel, y teniendo por desistido al demandado de su reconvención.
Oportunamente, el 8 de agosto de 2002, la Sra. Zareas instó el recurso de apelación del epígrafe haciendo el siguiente señalamiento de error:
“ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL CONSOLIDAR LA VISTA DE REMEDIOS PROVISIONALES CON LA VISTA DE DIVORCIO, SIN NOTIFICARLO PREVIAMENTE A LA APELANTE, CAUSANDO ASI QUE SE EMITIERA UNA SENTENCIA ADVERSA A DICHA PARTE POR NO ACOGER LA CAUSAL DE ADULTERIO Y COLOCAR EN UN TOTAL ESTADO DE INDEFENSION A LA PARTE APELANTE AL NO PERMITIRLE HACER DESCUBRIMIENTO DE PRUEBA SOBRE LA CAUSAL DE ADULTERIO Y SOBRE REMEDIOS PROVISIONALES Y AL EMITIR DETERMINACIONES PRELIMINARES QUE NO TIENEN RELEVANCIA ALGUNA AL REMEDIO DE DIVORCIO. ”
Alega la Sra. Zareas que para la vista del 20 de junio de 2002, fue preparada solamente para los remedios *880 provisionales. Indica que, sin embargo, la juez anunció en corte abierta que ese día también dilucidaría el divorcio, lo que la apelante objetó. No emp'ece dicha objeción, ésta presentó su prueba.
El 23 de agosto de 2002, el apelado presentó su alegato y solicitó la desestimación de la apelación por entender que la apelante no tiene razón en lo planteado.
Posteriormente, el 6 de septiembre de 2002, el TPI emitió resolución fijando la pensión pendente lite de la demandante hasta que la sentencia apelada adviniera final y firme.
Con el beneficio de la comparecencia de ambas partes, pasamos a resolver.
II
Es principio cardinal de nuestro ordenamiento procesal civil que los tribunales resuelvan las controversias de manera justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Los tribunales de instancia tienen amplia flexibilidad y discreción para lograr esta meta, siempre que lo hagan dentro de lo requerido por las Reglas de Procedimiento Civil o las leyes relativas a procedimientos especiales. Dicha discreción no se limita a la etapa del descubrimiento de prueba, sino que se extiende a todas las etapas del procedimiento. Rivera v. Insular Wire Products, Corp., 140 D.P.R. 912, 928 (1996); Unisys v. Ramallo Brothers, 128 D.P.R. 842, 863 n.8 (1991); Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299 (1989) Ortiz Serrano v. Ortiz Díaz, 106 D.P.R. 445, 449 (1977); Key Nieves v. Oyola Nieves, 116 D.P.R. 261, 268 (1985).
Como se sabe, dicho margen de discreción es esencial para que los tribunales puedan manejar los casos de la manera más justa, rápida y económica posible. Así, los tribunales pueden optar por separar causas de acción o controversias, consolidar trámites, determinar a la luz de las circunstancias de cada caso si se trata de controversias sencillas o complejas, entre otros. Rivera v. Insular Wire Products Corp., supra, pág. 929; Piñero v. A.A.A., 146 D.P.R. 890, 903 (1998).
Por un lado, el mecanismo de la consolidación establecido por la Regla 38.1 de Procedimiento Civil da concreción al principio procesal que exige la solución justa, rápida y económica de los casos. Los tribunales pueden utilizar la consolidación para fines de la tramitación de un pleito o para fines del juicio. Dicho mecanismo evita la proliferación de acciones, estimula la economía procesal y previene fallos incompatibles relacionados con un mismo incidente. Hosp. San Fco., Inc. v. Sria. de Salud, 144 D.P.R. 586, 592 (1997).
No se exige que la consolidación sólo proceda a solicitud de parte. El tribunal tiene discreción para consolidar pleitos aun sin las partes haberlo solicitado. El criterio rector para decidir la procedencia de la consolidación es determinar si ésta propenderá a una resolución justa, rápida y económica de las acciones. Hosp. San Fco., Inc. v. Sria. de Salud, supra a la pág. 593; Vives Vázquez v. ELA, supra, a la pág. 136. La determinación judicial inicial debe hacerse luego de un análisis ponderado de las circunstancias, y la misma merecerá gran deferencia por parte del tribunal revisor. La consolidación “[s]ólo será alterada cuando se haya omitido considerar un factor importante o cuando de alguna otra forma se incurra en un abuso de discreción. Por lo tanto, aunque un tribunal tiene discreción para ordenar la consolidación.... la determinación emitida por éste a tales efectos merecerá deferencia por parte del tribunal que la revise, si tal determinación fue efectuada luego del referido análisis ponderado. (Citas omitidas).” Hosp. San Fco., Inc. v. Sria. de Salud, supra, a la pág. 594.
Por otro lado, idéntica discreción le asiste al tribunal en cuanto a la separación de cuestiones litigiosas bajo la Regla 38.2, 32 L.P.R.A. Ap. Ill, R. 38.2. La norma general en cuanto a la separación es la de evitar, no fomentar, la litigación fragmentada de las controversias en un pleito. Dicho de otro modo, las cuestiones litigiosas en un juicio no deberán separarse, a menos que sea realmente necesario para promover una solución justa, rápida y económica. De ordinario, el foro apelativo no intervendrá con la discreción del tribunal de instancia, salvo que se demuestre abuso de discreción, prejuicio o parcialidad, o error en la interpretación o *881 aplicación de cualquier norma procesal o sustantiva, y sólo cuando sea para evitar un perjuicio sustancial. Zorniak Air Services, Inc. v. The Cessna Aircraft Co., 132 D.P.R. 170, 181 (1992).
Según la jurisprudencia, los factores a ser considerados para la separación de cuestiones litigiosas son, a saber: 1) si resolver la controversia dispondría del caso o de una parte sustancial del mismo; (2) si la prueba para resolver una controversia es independiente a la de los demás asuntos; (3) si las controversias o la prueba necesaria para adjudicar alguna de esas controversias están muy relacionadas entre sí; (4) si el procedimiento al separarse las controversias resulta más rápido o económico según la experiencia general. Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838, 859 (1986).
Los preceptos arriba expuestos denotan la existencia de amplia discreción judicial tanto para consolidar varios pleitos bajo la Regla 38.1, como para separar controversias bajo la Regla 38.2. En ambos supuestos, las determinaciones de instancia serán objeto de gran deferencia por los tribunales revisores. Por lo tanto, no vemos razón por la cual nuestro ordenamiento procesal no permita igual margen de discreción y deferencia en situaciones en las que el tribunal opta por consolidar en una sola vista más de una cuestión litigiosa relacionada al mismo pleito. De ordinario, ello no deberá constituir un abuso de discreción, puesto que nuestro ordenamiento se inclina, por regla general, a desfavorecer la litigación fragmentada de controversias.
Conviene, a su vez, discutir los contornos del descubrimiento de prueba según permitido por nuestro ordenamiento procesal. En aras de la economía procesal, nuestro esquema procesal delega en los abogados el trámite del descubrimiento. Empero, las Reglas de Procedimiento Civil facultan a los tribunales de instancia con amplia discreción para regular el ámbito del procedimiento, ya que es su obligación garantizar una solución justa, rápida y económica, sin ventajas para ninguna de las partes. Hipólita Rivera Durán v. BPPR, 2000 J.T.S. 156; 152 D.P.R. _ (2000).
La facultad para emitir órdenes protectoras tiene el propósito de eludir abusos en la utilización de los mecanismos de descubrimiento, y proteger a las- partes de hostigamiento, opresión, gasto innecesario o molestia indebida. Regla 23.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 23.2. Como consecuencia de su discreción, los tribunales están facultados para extender o reducir el término de sesenta (60) días establecido por la Regla 23.4 de Procedimiento Civil para concluir el descubrimiento, según las circunstancias particulares de cada caso. Hipólita Rivera Durán v. BPPR, supra; Machado Maldonado v. Barranco Colón, 119 D.P.R. 563, 566 (1987). En el ejercicio de esta facultad discrecional, tampoco el foro apelativo ha de interferir con los tribunales de instancia. Hipólita Rivera Durán v. BPPR, supra.
En Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959), se expresó que: "un sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio."
Finalmente, en Rebollo López v. Gil Bonar, 144 D.P.R. 379 (1997), resuelto mediante voto particular de concurrencia emitido por la Honorable Miriam Naveira de Rodón, Jueza Asociada, el Tribunal Supremo atendió una situación en la cual las partes diferían en cuanto a la causal de divorcio que alegaban tener. Una parte alegó en su demanda la causal de separación, mientras que la otra adujo posteriormente en su demanda la causal de trato cruel. El tribunal de instancia consolidó ambas demandas y atendió primeramente la causal de separación, la que no se había configurado al momento de la presentación de la demanda, pero sí durante el pleito, y dictó sentencia bajo dicha causal. La Jueza Naveira expresó lo siguiente:
“En el caso de autos, tanto el demandante como la demandada solicitan el mismo remedio: el divorcio. Solamente difieren en los fundamentos para su concesión. En la actualidad, habiendo sido eliminadas las consecuencias que antes conllevaba la determinación de cónyuge culpable o inocente en una acción de *882 divorcio, los efectos de la concesión del divorcio por cualesquiera de estas causales son los mismos. ” Rebollo López v. Gil Bonar, supra, a la pág 384.
Más adelante, el Tribunal Supremo señaló que el permitir a la parte peticionaria dilucidar el divorcio por la causal de trato cruel equivaldría a “duplicar los procedimientos para finalmente llegar al mismo resultado, aunque por fundamentos distintos. ” Id. Por último expresó que:
“Reiteramos y reafirmamos la sabia norma de práctica apelativa de que aunque los fundamentos y la disposición de ley en que se funde una sentencia no fuesen los correctos, revocarla con el único propósito de que ésta se conceda de nuevo, pero basada en distintos fundamentos o disposición de ley, resulta contrario al objetivo cardinal procesal judicial de dispensar justicia rápida y económica. ” Ibid, a la pág. 386 (Citas omitidas).
A la luz de estos principios generales, examinemos las actuaciones del tribunal recurrido que la apelante cuestiona.
III
La apelante señala, en su error, primeramente, que el TPI no debió consolidar la vista de remedios provisionales con la de divorcio. Aduce que dicha consolidación no fue notificada, y que el tribunal nunca “acogió” la solicitud de consolidación. Escrito de Apelación, pág. 3. No le asiste la razón.
Al momento de dicha solicitud, el Tribunal de Instancia tenía pautadas las vistas en los méritos sobre los remedios provisionales y el divorcio para el 20 de junio de 2002 y el 10 de julio de 2002, respectivamente. Entonces, el apelado adujo que por no existir menores ni cuestiones relativas a éstos, procedía la consolidación de las vistas. Al advenir en conocimiento de dicha solicitud, la apelante se opuso a la misma mediante moción fechada el 3 de junio de 2002. No obstante, el tribunal, en orden notificada el 5 de junio de 2002, expresó que en cuanto a la consolidación, “no tiene reparos si para esa fecha las partes han cumplido con el descubrimiento de prueba. ”
Aunque la referida orden no proveyó expresamente una fecha para la vista consolidada ni dispuso específicamente si aceptaba o denegaba dicha solicitud, resulta razonable interpretar que dicha orden se refirió a la vista pautada para el 20 de junio de 2002, día de la vista en los méritos sobre los remedios provisionales. Al expresar que no tenía reparos, el TPI asintió a la consolidación, pues de lo contrario la hubiese denegado. Claro está, sujetó la consolidación a la condición de que las partes hubiesen concluido el descubrimiento de prueba según ordenado sobre los hechos de la causal.
Nótese que el descubrimiento de prueba aludido en la orden había sido previamente reglamentado por el tribunal y se refería única y exclusivamente a las causales del divorcio. Mediante la orden del 14 de mayo de 2002, notificada el día 17, se le había concedido a las partes un término expreso de 30 días para terminar el descubrimiento de prueba respecto a los hechos de la causal de divorcio únicamente, puesto que el TPI en dicha misma orden prohibió todo descubrimiento relativo a la sociedad de bienes gananciales. De este modo, el término de 30 días venció el 18 de junio de 2002, es decir, dos días antes de celebrarse la vista pautada para el 20 de junio de 2002. Por lo tanto, era razonable concluir que las partes hubiesen terminado todo descubrimiento relativo a las causales del divorcio para dicha fecha, encontrándose así preparadas para presentar cualquier prueba sobre las mismas en la vista del 20 de junio de 2002.
Por ende, no podemos suscribir la posición de la apelante de que no podía estar preparada para la fecha del 20 de junio y que no se le permitió hacer descubrimiento sobre la causal de adulterio. Cualquier materia relativa a las causales y el divorcio en los méritos no podía constituir sorpresa, ni, según alegado, relegar a las partes a un estado de indefensión, ya que dichos extremos habían sido previamente reglamentados por el tribunal, dentro *883 del marco de su sana discreción. Tampoco se desprende de los documentos del Apéndice ni de su Escrito de Apelación que la apelante hubiese solicitado prórroga al TPI para terminar el descubrimiento de prueba. En fin, nada surge de los autos que refleje diligencia de la apelante para proteger sus alegados derechos a culminar el descubrimiento de prueba sobre las causales del divorcio.
La parte apelante nos solicita, por otro lado, que consideremos la sentencia del Tribunal Supremo en el caso Nogues v. Blanco, CC-97-287, por su valor persuasivo al caso de autos. Sostiene que dicho caso pauta la norma de que no procede la consolidación de la vista de divorcio con la de remedios provisionales.
En dicho caso, los cónyuges llevaban más de 40 años de matrimonio, ambos eran accionistas de varias corporaciones y el caudal ganancial generado por ellos sobrepasaba a los dos millones de dólares. El Tribunal Supremo determinó que el derecho a un descubrimiento efectivo debe prevalecer frente al interés de que se dilucide una vista de divorcio en los méritos lo más pronto o rápido posible. Expresó que “lo aconsejable es que se resuelvan todos los incidentes o mociones relacionados con los remedios pendente lite. De ordinario, esta norma debe prevalecer en aras de evitar que se torne académica, una vez se ventile el pleito en su fondor 
De los propios pronunciamientos de la aludida sentencia se desprende que la norma allí sentada no es una inflexible. Además, los hechos que la justifican son completamente distintos a los del caso que nos ocupa. En primer lugar, el matrimonio Bared-Zareas fue uno de corta duración, y en segundo lugar, quedó demostrada la dificultad económica de la parte apelada, quien no tiene acciones ni interés en las entidades corporativas de su padre. En el caso de Nogues v. Blanco, supra, el caudal de la sociedad legal de gananciales era uno cuantioso. Además, la solicitud de suspensión de vista de la peticionaria en dicho caso procedía por “circunstancias extraordinarias no anticipables, fuera de su control de sus abogados”; fundamento que no sustenta la parte apelante ante nos.
La apelante señala, en segundo lugar, que como consecuencia de la consolidación, erró el TPI al no permitirle hacer descubrimiento de prueba sobre la causal de adulterio y sobre remedios provisionales. Tampoco tiene razón.
Reiteramos que la apelante tuvo tiempo suficiente para realizar dicho descubrimiento si interesaba que se ventilase el divorcio únicamente mediante la causal de adulterio. Sin embargo, de las alegaciones de la demanda surge que la causal de adulterio se refiere a hechos subsumidos en la conducta general constitutiva de la causal de trato cruel. En la alternativa, pudo haber solicitado prórroga para realizar descubrimiento adicional o una reconsideración al TPI del término de 30 días concedido para culminar el descubrimiento de prueba. No surge de los autos que lo haya hecho.
Por último, entendemos que su reclamo no procede por la sencilla razón de que la apelante presentó prueba y con ella el TPI resolvió a su favor, concediéndole el divorcio por trato cruel, una de las causales que ella misma adujo en la demanda. Véase Minuta de la vista del 21 de junio de 2002.
A pesar de que la apelante solicitó el divorcio por las causales de adulterio y trato cruel, ello, de por sí, no ata al tribunal inflexiblemente a que dilucide el divorcio por una de las causales en específico o ambas de manera simultánea.
En la vista del 20 de junio de 2002 y subsiguientes, la apelante presentó prueba conducente a establecer la causal de trato cruel y el tribunal la encontró suficiente para decretar el divorcio. No vemos porqué el tribunal, a la luz de lo expresado en Rebollo López v. Gil Bonar, supra, deba alterar su determinación por un fundamento distinto cuando el divorcio por una de las causales aducidas por la propia apelante le fue concedido.
*884 La apelante argumenta que procede decretar el divorcio por adulterio, pues dicha causal tiene una consecuencia distinta a la de trato cruel en virtud del Artículo 71 del Código Civil. Aduce que “el conceder el divorcio por la causal de trato cruel no hace académica la solicitud simultánea que se hizo en la demanda de epígrafe de que también se decretara el divorcio, junto con la mencionada prohibición legal requerida por el Código Civil, por la causal de trato cruel [sic]. ” Escrito de Apelación, pág. 2. No le asiste la razón.
En nuestro ordenamiento, la economía procesal exige que los tribunales resuelvan controversias genuinas entre partes contrarias cuyo interés real sea obtener un remedio que afecte sus relaciones jurídicas. E.L.A. v. Aguayo, 80 D.P.R. 552, 558-559 (1958); Rebollo López v. Gil Bonar, supra, a la pág. 385. El único remedio que ha de afectar la relación jurídica entre las partes es el divorcio. No encontramos base razonable alguna en el escrito de la apelante que sustente de que es parte de su debido proceso de ley que se le permita divorciarse por ambas causales de manera simultánea.
La apelante también aduce como error que no se le permitió hacer descubrimiento de prueba sobre remedios provisionales. Dicha aseveración carece de fundamento, pues del expediente surge que la apelante cursó múltiples requerimientos a la parte contraria y, además, presentó amplia prueba sobre todos los asuntos que alegó en su solicitud de remedios provisionales, el día de la vista. Véase Minutas del 20 y 21 de junio de 2002 y 3 de julio de 2002. Además, dicho planteamiento en apelación resulta académico en virtud de la resolución, a esos efectos, emitida por el TPI el 6 de septiembre de 2002.
Por último, señala la apelante que el tribunal emitió determinaciones preliminares que a su entender constituyen dictum y “no tienen relevancia alguna al remedio de divorció”. Estimamos que tales expresiones no deben ser objeto de revisión ante nos. Conocida es la norma que la revisión de una sentencia se da contra la parte dispositiva de la misma y no contra sus fundamentos. Asociación de Pescadores de Punta Figueras, Inc. v. Marina Puerto del Rey, Inc. 155 D.P.R. _ (2002); 2002 J.T.S. 4. No es nuestra función dictaminar en tomo a todas las expresiones del TPI en apoyo de su sentencia, sino en cuanto a su resultado.
Por los fundamentos antes expuestos, se confirma la sentencia de divorcio emitida por el Tribunal de Primera Instancia el 8 de julio de 2002 y notificada el 9 de julio de 2002.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2003 DTA 37
1. El tribunal sentenciador estimó que por haberse celebrado el matrimonio fuera de la jurisdicción de Puerto Rico, el régimen bajo el cual se rige es la Comunidad de Bienes.
2. Según la sentencia apelada, el apelado era presidente de P&B Inc. y administrador de Duty Free Alliance, Inc.
3. El apartamento localizado en Candina Reef, Condado, se vendió el 15 de mayo de 2002 al Sr. Bared San Martín y su esposa. La apelante conducía una Toyota 4Runner, que fue vendida a Alliance Duty Free Corporation y el apelado un Mercedes Benz deportivo de 2002 que vendió sin el consentimiento de su esposa, estando éste a nombre de ambos.
4. La Regla 38.1 de Procedimiento Civil, 32 L.P.R.A. Ap. IE, R. 38.1 establece lo siguiente: “Cuando estén pendientes ante el tribunal pleitos que envuelvan cuestiones comunes de hechos o de derecho, éste podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos; podrá ordenar que todos los pleitos sean consolidados; y podrá, a este respecto, dictar aquellas órdenes que tiendan a evitar gastos innecesarios o dilación. ”
*885 5. La Regla 38.2 de las de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R. 38.2, dispone lo siguiente: “El tribunal por razón de conveniencia, o para evitar perjuicio, o para evitar gastos innecesarios, o para facilitar la más pronta terminación del litigio, podrá ordenar un juicio por separado de cualesquiera demandas, demandas contra coparte, reconvenciones, demandas contra tercero, o de cualesquiera cuestiones litigiosas independientes, y podrá dictar sentencia de acuerdo a, lo dispuesto en la Regla 44.3. ”
6. La Regla 23.2 de Procedimiento Civil dispone: “A solicitud de parte o de la persona en relación con la cual se utiliza el descubrimiento, y por justa causa, el tribunal podrá emitir cualquier orden que se requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebido. La orden del tribunal podrá incluir una o más de las siguientes medidas:
[[Image here]]
(d) que no se lleve a cabo el descubrimiento de ciertas materias o que se limite el alcance de las mismas. ”
7. Según surge de los Comentarios que siguen el texto de la Regla 23.4 de las Reglas de Procedimiento Civil de 1979, "... es claro que el término de sesenta (60) días es directriz para la conclusión del descubrimiento ...”. 32 L.P.R.A. Ap. Ill R. 23.4.
8. La vista del divorcio en los méritos se reseñaló para el 20 de agosto de 2002 mediante orden del 3 de junio de 2002, notificada el 5 de junio de 2002. Ello debido a una Moción Informativa de la parte apelante presentada el 29 de mayó de 2002, en la cual se anuncia que a la parte demandada le fue cursado un Aviso de Toma de Deposición y Producción de Documentos para el 10 de junio de 2002.
9. En la moción solicitando consolidación de vistas no se proveyó expresamente una fecha para la misma. Sin embargo, deducimos que el apelado la solicitó para el día señalado para la vista de remedios provisionales, 20 de junio de 2002, ya que la abogada que la suscribió anunció que tomaría vacaciones durante todo el mes de julio, por lo que "lamentaría tener que interrumpir las mismas para poder estar presente en la vista del día 10 de julio de 2002”. Apéndice de la apelante, pág. 83. Exh. XXIV.
10. Apéndice de la apelante, pág. 103.
11. Apéndice de la apelante, pág. 129.
12. Apéndice de la apelante, pág. 112.
13. El Artículo 71 del Código Civil, 31 L.P.R.A. See. 233, prohíbe a los declarados como adúlteros casarse entre sí durante un período de cinco (5) años.